(68 Misc. Rep. 454.)

RUSSIE CEMENT CO. v. F. W. WOOLWORTH & CO.

(Supreme Court, Special Term, New York County.   July, 1910.)

WITNESSES (§ 295*)—EXAMINATION—PRIVILEGE OF WITNESSES—PUNISHMENT FOR CONTEMPT—"PENALTY."

    Witnesses examined under a commission issued by a court in Massachusetts, in an action to enjoin the infringement of plaintiff's trade-mark, will not be excused from answering questions on the ground that their answers would tend to show a violation of an injunction theretofore granted, which would subject the offender to the consequences of a civil contempt; the fine or imprisonment that might follow not being a "penalty," within Code Civ. Proc. § 837, providing that a witness will not be required to give an answer tending to expose him to a penalty or forfeiture.

    [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1018–1020; Dec. Dig. § 295.*

    For other definitions, see Words and Phrases, vol. 6, pp. 5272–5276; vol. 8, p. 7750.]

Action by the Russie Cement Company against F. W. Woolworth & Co.   On motion to compel answers from witnesses examined under a foreign commission.   Granted.

Spencer, Ordway & Wierum, for plaintiff.

GREENBAUM, J.   The question involved in this case is whether certain witnesses, examined under a commission issuing out of the superior court of Massachusetts in an action in equity to enjoin the infringement of plaintiff's trade-mark, are privileged from answering certain questions upon the ground that such answers would tend to show a violation of an injunction heretofore granted in the action. It is contended on behalf of the witnesses that to compel them to answer might subject them to the imposition of a penalty, and special reliance is placed upon section 837 of the Code, which provides that a witness will not be required to give an answer which will tend "to expose him to a penalty or forfeiture."

I am of the opinion that the disobedience to the injunction in this case would not be deemed a criminal contempt, but that a violation thereof would merely subject the offender to the consequences of a civil contempt.   The distinction between a civil and criminal contempt is brought out in People ex rel. Negus v. Dwyer, 90 N. Y. 402, 406, where it is said:

    "The Revised Statutes distinguished, and the Civil Code preserves, the distinction between criminal contempts and proceedings as for contempt in civil cases.   As it respects disobedience to the orders of a court, the sole difference appears to be that a 'willful' disobedience is a criminal contempt, while a mere disobedience by which the right of a party to an action is defeated or hindered is treated otherwise."

This distinction has also been recognized in People ex rel. Stearns v. Marr, 181 N. Y. 463, 74 N. E. 431. A further discussion of this question will be found in People ex rel. Munsell v. Court of Oyer and Terminer, 101 N. Y. 245, 247, 4 N. E. 259, 260, 54 Am. Rep. 691. In that case Mr. Justice Finch says:

"The authority is exerted in his behalf as a private individual, and the fine imposed is measured by his loss and goes to him as indemnity; and imprisonment, if ordered, is awarded, not as a punishment, but as a means to an end, and that end the benefit of the suitor in some act or omission compelled which are essential to his particular rights of person or of property. * * * The second class of contempts consists of those whose cause and result are a violation of the rights of the public as represented by their constituted legal tribunals, and a punishment for the wrong in the interest of public justice, and not in the interest of an individual litigant. In these cases, if a fine is imposed, its maximum is limited by a fixed general law, and not at all by the needs of individuals; and its proceeds, when collected, go into the public treasury, and not into the purse of an individual suitor. The fine is punishment, rather than indemnity, and, if imprisonment is added, it is in the interest of public justice, and purely as a penalty, and not at all as a means of securing indemnity to an individual."

The same principle is enunciated in Hurley v. Commonwealth, 188 Mass. 443, 445, 74 N. E. 677.

I do not think that the fine or imprisonment that might be imposed for a violation of the injunction has reference to the "penalty" expressed in section 837 of the Code, or that it is in the nature of a penalty, and I therefore see no reason for changing the ruling heretofore made by me that the witnesses may not be excused from answering the questions propounded.

Ordered accordingly.